Eminent domain; toMng; liability of Government for acts of state officials. — On February 8, 1980 the court entered the following order:
Before Nichols, Judge, Presiding, Kashiwa and Smith, Judges.
This case is before us on defendant’s motion to dismiss. Plaintiff in its reply offers to amend the petition, and we assume arguendo that it has done so since it has so moved and has been allowed to amend. The amendments would not change the result.
*624 The suit is under our Tucker Act (28 U.S.C. § 1491) jurisdiction, founded on the Constitution, to recover just compensation for a taking, as guaranteed by the fifth amendment. By the petition allegations, plaintiff, a limited California partnership, owns a 210 acre tract of land in Marin County, California, bordering on the Pacific Ocean. This it acquired in 1971, at which time it was zoned residential-agricultural, allowing lot sizes from 7,500 square feet to one acre, which would have allowed 1,000 units. It now is the last remaining unimproved parcel of privately held coastal land in Marin and San Francisco counties.
Still by the petition, within the last five years the Hon. John L. Burton, who represents the district in Congress, and personnel of the Interior Department, have entertained a plan or scheme to add the tract to either the Point Reyes National Seashore or the Golden Gate National Recreation area. These parties exerted pressure on Marin County and instigated a plan or scheme by the county to prevent or delay petitioner in developing the property, as it desired to do. The highest and best use of the property, if not for park-land or recreation, is residential. On August 23, 1977, Marin County was persuaded to "down-zone” the property to reduce the lot yield from 1,000 to 10 units, thereby depressing the market value of the tract so that defendant could acquire it more cheaply.
Here we may interject that a motion to dismiss a petition is normally not allowable if a plaintiff might recover under any facts he might prove, within his allegations, but this is altered somewhat by Rule 33(b) where fraud, arbitrary and capricious official action, etc., are alleged. Here the circumstances must be stated with particularity. In the original and amended petitions there is nothing specific enough to allow us to suppose the county officials acted in bad faith, or corruptly, but they may have attempted to use their zoning powers for a purpose the law does not sanction.
By Pub.L. No. 95-625, 92 Stat. 3486, Act of November 10, 1978, the Congress adopted a revised map of the Point Reyes National Seashore which, by plaintiffs allegations, added the subject 210 acre tract to the previous statutory boundaries of that National Seashore. In Drakes Bay Land *625 Co. v. United States, 191 Ct. Cl. 389, 424 F. 2d 574 (1970) we analyzed the statutory scheme for the Point Reyes National Seashore and determined that adoption of the statutory map does not of itself effect a taking of land shown by the map as within the National Seashore. Hilkovsky v. United States, 205 Ct. Cl. 460, 504 F. 2d 1112 (1974) also holds this. The Congress contemplated that officials would acquire title tract by tract, by exchange, when feasible, or by purchase or condemnation, as appropriated funds became available. Until title was so acquired, it remained with the private owners. The same is of course equally true of the new addition to the map, and plaintiff does not contend otherwise. The publication of the map was an "inchoate taking” of lands shown by the map to have been selected, with the taking remaining to be perfected by further official action.
Plaintiff alleges that under date of May 18, 1979, defendant informed plaintiff that it would acquire the tract at some undetermined future date when funds were available. Meanwhile, however, plaintiff says the land is unmarketable.
Plaintiff advises in its brief, not by pleading, that it has sued the County of Marin, three county supervisors, and an "alleged agent” of the United States, all in the United States District Court, Northern District (of California, presumably). The suit has been dismissed against the United States’ "alleged agent.” We are not told as much as we should have been about this suit, but we presume it is founded on alleged misuse of the zoning power: doubtless plaintiff is telling that court, as it is telling us, that zoning cannot be used to cheapen land and thereby facilitate its acquisition by the United States.
Conceding as we must, that mere inclusion of the land in the map is not a taking, we think plaintiff fails to allege enough other things to accelerate the time of title passage before the date of exchange, purchase, or condemnation, as intended by Congress. In Drakes Bay defendant sought and obtained, as here alleged, the enthusiastic cooperation of local authorities in thwarting development, not only by zoning, but also, in that case, by the Utilities Commission denying access to the water supply. Nevertheless, we held it was unnecessary to impute acts of state and local *626 officials to defendant, though it had requested them. 191 Ct. Cl. at 408, 424 F. 2d at 585. Against the background of state law, defendant’s own acts were enough. Outstanding among these was the fact that defendant there, while refusing to deal with that plaintiff, expended such funds as it had to obtain tracts that would wholly obstruct access from the plaintiffs proposed subdivision to the highway.
Since the Drakes Bay case we have squarely held that acts of federal officials in persuading local officials to obstruct development by placing new burdens upon it, or refusing to lift old ones, are not takings imputable to the United States. If the state has taken the responsibility, it is not the United States that can be sued, in this court at any rate. De-Tom Enterprises, Inc. v. United States, 213 Ct. Cl. 362, 552 F. 2d 337 (1977). See also NBH Land Co. v. United States, 217 Ct. Cl. 41, 576 F. 2d 317 (1978), holding that threats of condemnation by United States officials are not takings even though they tend to thwart proposed developments.
The placement of the tract of the map not being enough, and the acts of the Marin County zoning board not being imputable to the United States, whether lawful or unlawful, plaintiff does not allege anything else which justifies us in holding defendant has taken the land before following the procedure Congress intended to be used. Plaintiffs implied contract theory does not add anything. Here, as in Hilkovsky, we are careful to leave open the possibility that future events, or nonevents, too late to be sued on here, might ripen into a taking, as to which we make no adjudication.
Accordingly, upon the petition, original and amended, and the briefs of the parties, but without oral argument, defendant’s motion to dismiss is sustained and the petition is dismissed.